UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
CLEMENT MOSSERI,

Plaintiff,

v.

BILL DE BLASIO, ZACHARY W. CARTER,
SCOTT STRINGER, REBECCA BOND, PREET BHARARA,
CAMBA INC., BREAKING GROUND IV HDFC INC.
FORMERLY COMMON GROUND COMMUNITY HOUSING-
-DEVELOPMENT FUND CORP. INC.,
BOWERY RESIDENCE COMMITTEE INC., PALLADIA, INC.
THE CITY OF NEW YORK, THE STATE OF NEW YORK,
THE UNITED STATES OF AMERICA,
OTHER UNKNOWN INDIVIDUALS AND ENTITIES AND -
THEIR EMPLOYEES. AND OTHER UNKNOWN -
NEW YORK CITY, NEW YORK STATE AND
UNITED STATES OF AMERICA EMPLOYEES.

Defendants,

------------------------------------------------------------------------- X

**18 CV 11600**

**JURY DEMAND**

# COMPLAINT

1. This action is being commenced to recover damages for acts committed by Defendants, under color of law for New York City employees and other named defendants, conspiring to deprive and depriving Plaintiff of his civil rights, due process, equal protections under the laws and statutes of The United States of America.

2. JURY DEMAND, a finding fact and conclusions of law are demanded. Plaintiff demands a Trial by Jury of all issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

3. This case if filed timely, 28 U.S.C. § 1658.

4. Defendants can settle the issues of this case at any time

1

## I.   JURISDICTION AND VENUE

5. This action is brought pursuant to the laws of The United States of America. Jurisdiction is conferred upon this court by Federal Question pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, regarding the deprivation of Plaintiff's civil rights under Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981 et seq. the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C.§ 701 et seq. with emphasis on 29 U.S.C. § 794, *et seq..*

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, a substantial part of the events or omissions giving rise to this action occurred in this district and plaintiff and defendants reside in this District.

## II. PARTIES

7. Plaintiff of this action, Clement Mosseri, resides at 7 West 21st Street # 1708, New York, N.Y. 10010

8. Defendant Bill de Blasio, having an office at New York City Mayor's Office, 253 Broadway, New York, NY 10007

9. Zachary W. Carter, having an office at The City Of New York, Law Department, 100 Church Street, New York, NY 10007

10. Scott M. Stringer, having an office at Office of the Comptroller City of New York, One Centre Street, New York, NY 10007

11. Rebecca Bond, having an office at U.S. Department of Justice,

950 Pennsylvania Avenue N.W. Washington, D.C. 20530

12. Preet Bharara, having an office at U. S. Attorney's Office, SDNY, 86 Chambers Street,

New York, New York 10007

13. Camba Inc having an office at 1720 Church Avenue Brooklyn, NY 11226

14. Breaking Ground IV HDFC Inc. formerly Common Ground Community Housing

Development Fund Corp. Inc., having an office at 505 8th Ave, New York, NY 10018

15. Bowery Residence Committee Inc. having an office at BRC 131 West 25th Street 12th Floor

New York, NY 10001

16. Palladia, Inc. having an office at 2206 Madison Avenue New York, NY 10035

17. The City of New York, Office of the Corporation Counsel of The City Of New York,

Law Department 100 Church Street, New York, NY 10007

18. The State of New York, Barbara D. Underwood, New York State Attorney General

28 Liberty St 15th floor, New York, NY 10005

19. The United States of America, Attorney General of the United States,

U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

20. U.S. Attorney's Office - Southern District of New York, U.S. Department of Justice,

1 Saint Andrews Plaza, New York, NY 10007

21. Other unknown Individuals and entities and their employees, will be added as they are discovered.

22. Other unknown New York City, New York State and United States of America Federal Employees, will be added as they are discovered.

## III. BACKGROUND - STATEMENT OF FACTS

23. Plaintiff here realleges paragraphs 1 through 22.

24. I, Clement Mosseri, Plaintiff in this action Swear Under Penalty of Perjury that the following is true and accurate.

25. Prior to defendants' acts leading to plaintiff's permanent injury, plaintiff suffered a back injury.

26. Plaintiff sought medical diagnosis. After an MRI and other tests plaintiff was advised to undergo physical rehabilitation.

27. Plaintiff underwent five, (5) rehabilitation sessions and was free of pain.

28. Plaintiff was able to carry up to 50+ lbs of groceries for more than a third of a mile on many occasions without a hint of pain.

29. Plaintiff then had a temporary financial set back impeding his plans to restart his commercial real estate career in the City of New York.

30. Plaintiff then became a client at one of the City of New York residential facility and was housed on the seventh floor in a facility that had defective elevators.

31. The facility required clients to vacate during the day. Plaintiff was forced to walk up and 7 extended flights to where he was housed more than four times a day.

32. The City's employees used a separate elevator set aside for their exclusive use that was always operational.

33. After about a month of this abuse on his back, plaintiff's back pain came back .

34. Plaintiff requested a lower floor which was available from the head of the facility but was denied.

35. Upon reliable information this head of facility sought retaliatory punishment against Plaintiff because of his request for accommodations.

36. The continuation of the abuse increased damage to plaintiffs back and the pain increased.

37. Because of threats against Plaintiff was transferred to a facility called Camba, a two-story facility with a working elevator that was under the direction of the City of New York.

38. By this time plaintiff's pain was constant. Plaintiff sought permission to use a heating pad he will purchase and bed rest instead of vacating the facility to alleviated the pain.

39. This was not a unique request for accommodations, bed rest and using an appliance were granted to others.

40. Plaintiffs accommodation request was denied.

41. Plaintiff again sought and received assistance from a nonprofit that persuaded the City to grant his request.

42. Plaintiff was transferred to another facility run by Common Ground now Breaking Ground.

43. Plaintiff made a request to Common Ground for accommodation and was turned down.

44. Plaintiff made a complaint to the U.S. DOJ, Civil Rights Division At this time sending a copy to DOJ Civil Rights Div. and New York City officials, (Exhibit A), it was ignored.

45. Plaintiff's back damages became acute with the denial of accommodations.

46. The maximum allowed under the health plan 20 visits to physical therapy, had no impact to relieve or lessen the pain.

47. Plaintiff was transferred to BRC where he made an accommodation request and was denied.

48. Plaintiff again sought assistance from a not for profit to get accommodations. Instead of granting Plaintiffs request he was transferred to Palladia facility in the Bronx the City's worst as retaliation and punishment for making the request.

49. This is where criminals and trouble makers were sent. Where murders were covered up and not uncommon. There were two such incidents that I know of in the short time I was there.

50. According to other clients that I was surrounded with they were treated better at Rikers Island prison facility, this facility was run with a heavier hand and

51. This took also took a heavy toll on my mental health.

52. The local hospital admitted me and held me for observation when I visited for another medical reason.

53. Today I suffer from back pain all the time from when I wake up till I'm in bed at days end.

54. If I stand for a short time, or sit for a short time the pain becomes acute and I start crying.

55. I was punished and retaliated against at every turn. All I did was request accommodations that I was entitled under the law and they could have provided without any inconvenience.

56. They City of New York and its employees illegally control all requests for granting accommodations and prevent granting it as a normal course with a policy of discrimination.

## IV. NATURE OF COMPLAINT

### A. Defendants Conspired to Deprive Plaintiff of His Civil Rights and Retaliated Against Plaintiff Causing Harm

57. Plaintiff here realleges paragraphs 1 through 56.

58. Defendants Camba Inc., Breaking Ground IV HDFC Inc., Formerly Common Ground Community Housing Development Fund Corp. Inc., Bowery Residence Committee Inc., Palladia, Inc. here after named as "the contractors"

59. The contractors and their employees conspired with the City Of New York, and their employees to intentionally and willfully discriminate by depriving him of accommodations as is required under Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981 et seq. the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C.§ 701 et seq. with emphasis on 29 U.S.C. § 794, *et seq.*. and concurrent New York State and the laws of the City of New York, causing Plaintiff irreparable harm and damages.

60. Defendant, the City of New York and the contractors retaliated against Plaintiff's by punishing him when made accommodations requests causing Plaintiff irreparable physical, mental harm and damages.

## B. The State of New York Failed to Prevent Causing Plaintiff Harm

61. Plaintiff here realleges paragraphs 1 through 60.

62. The State Of New York, licenses the contractor's facilities and failed in oversight to inspect and insure the City of New York and its employees and the contractors complied with the law.

63. The State of New York knew or should have known, and failed to take action to prevent defendants acts against Plaintiff and violations under Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981 et seq. the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C.§ 701 et seq. with emphasis on 29 U.S.C. § 794, *et seq.* and concurrent New York State laws, against causing Plaintiff irreparable harm and damages.

8

## C. Defendants Government Employees Failed to Prevent

64. Plaintiff here realleges paragraphs 1 through 63.

65. Defendants Bill De Blasio, Zachary W. Carter, Scott Stringer, Rebecca Bond, Preet Bharara, hereafter referred to as the "government employees".

66. The United States of America and their employees, New York City and their employees and other unknown employees were informed and knew that defendants the City of New York and their employees, contractors and their employees conduct and violations against Plaintiff under Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981 et seq. the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C.§ 701 et seq. with emphasis on 29 U.S.C. § 794, *et seq.* and concurrent New York State laws, and failed to prevent causing Plaintiff irreparable harm and damages.

67. The United States of America, is a defendant in this action because it had a duty to intervene on Plaintiffs behalf before he suffered permanent back damages.

68. The United States of America can join Clement Mosseri, as Plaintiff in this action, do what it should have done, to eliminate or mitigate damages for not taking prior actions.

## V. Conclusions and Damages

67. Plaintiff here realleges paragraphs 1 through 66.

68. Defendants continuously acted maliciously without regard to Plaintiffs' civil rights and punished him repeatedly without regard that he was a human being.

69. Plaintiff computed the damages correctly,

70. Statutory Damages of $66,586,004.33 computed on a daily basis, Plaintiff suffered pain and physical damages worsening daily leading to permanent damages.

71. Punitive damages in the amount not less than $2,663,440,173.20 for defendant's conspiracy, intentional acts, deprivations and retaliatory conduct punishing Plaintiff causing permanent damages and temporary mental damages.

72. Plaintiff seeks addition damages for the cost of research, development and FDA approvals for a cure in the amount of $150,000,000.00.

73. The City of New York is paying Camba Inc., BREAKING GROUND IV HDFC, INC., Bowery Residence Committee Inc., Palladia, Inc., and its other contractors more than 4 times the going rate of their services for many years and is unjustly enriching them. Plaintiff demands the Court claw back this unjust enrichment and apply it to the damages sought in this complaint.

WHEREFORE, Plaintiff prays for entry of judgment against all defendants, for the Following from all defendants,

1. Statutory Damages in the amount of $66,586,004.33, against all defendants,

2. Additional Punitive Damages of $2,663,440,173.20, against all defendants,

3. Payment for research and development FDA approvals, in the amount of $150,000,000.00,

4. The City of New York is paying their contractors more than 4 times the going rate for their services and unjustly enriching them. Plaintiff is requesting that the Court claw back this unjust enrichment applying it to the damages in this action.

Together with costs and disbursements of this action, plus damages and punitive damages as may be determined by a Jury. And such other relief as the Court may deem appropriate and, in the interest of justice.

Respectfully submitted,

Dated: December 11, 2018

_____
CLEMENT MOSSERI
7 West 21st Street # 1708
New York, N.Y. 10010
954 575-8545

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CLEMENT MOSSERI,

       Plaintiff

                                                                                         **JURY DEMAND**

       v.

BILL DE BLASIO, ZACHARY W. CARTER,
SCOTT STRINGER, REBECCA BOND, PREET BHARARA,
CAMBA INC., BREAKING GROUND IV HDFC INC.
FORMERLY COMMON GROUND COMMUNITY HOUSING-
-DEVELOPMENT FUND CORP. INC.,
BOWERY RESIDENCE COMMITTEE INC., PALLADIA, INC.
THE CITY OF NEW YORK, THE STATE OF NEW YORK,
THE UNITED STATES OF AMERICA,
OTHER UNKNOWN INDIVIDUALS AND ENTITIES AND -
THEIR EMPLOYEES. AND OTHER UNKNOWN -
NEW YORK CITY, NEW YORK STATE AND
UNITED STATES OF AMERICA EMPLOYEES.

       Defendants,
-------------------------------------------------------------------------X

## SUMMONS IN A CIVIL ACTION

To: Bill de Blasio, New York City Mayor's Office, 253 Broadway, New York, NY 10007, Zachary W. Carter, The City Of New York, Law Department, 100 Church Street, New York, NY 10007, Scott M. Stringer, Office of the Comptroller City of New York, One Centre Street, New York, NY 10007, Rebecca Bond. U.S. Department of Justice, 950 Pennsylvania Avenue N.W. Washington, D.C. 20530 Preet Bharara, U. S. Attorney's Office, SDNY, 86 Chambers Street, New York, New York 10007, Camba Inc 1720 Church Avenue Brooklyn, NY 11226, BREAKING GROUND IV HDFC, INC. formerly Common Ground Community Housing Development Fund Corp. Inc.,505 8th Ave, New York, NY 10018, Bowery Residence Committee Inc. BRC 131 West 25th Street 12th Floor New York, NY 10001, Palladia, Inc. 2206 Madison Avenue New York, NY 10035, The City of New York Corporation Counsel of The City Of New York, Law Department 100 Church Street, New York, NY 10007, The State of New York, Barbara D. Underwood, New York State Attorney General 28 Liberty St 15th floor, New York, NY 10005, The United States of America, US Department of Justice 950 Pennsylvania Avenue, NW, Washington, D.C. 20530, and U.S. Attorney's Office - Southern District of New York, U.S. Department of Justice, 1 Saint Andrews Plaza, New York, NY 10007.

A lawsuit has been filed against you.

1

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Clement Mosseri- Pro se, 7 West 21st Street # 1708, New York, N.Y. 10010.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

_____
*Signature of Clerk or Deputy Clerk*